UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRANCE KWIATKOWSKI,

    Plaintiff,

v.

BANK OF AMERICA NA, *et al*.,

    Defendants.

Case No. 2:12-CV-00489-KJD-CWH

**ORDER**

Before the Court is the Motion to Dismiss (#5) of Defendants Bank of America, N.A., and ReconTrust Company, N.A. Plaintiff has filed an opposition (#19) and Defendants filed a reply (#22).

I. Background

Plaintiff is the owner of a property at 1371 Opal Valley, Henderson, Nevada and is in default on his mortgage. According to the Complaint, Bank of America is the "servicer and/or lender" and appointed Defendant ReconTrust as trustee. ReconTrust is proceeding with foreclosure under N.R.S. 107, *et. seq.* Plaintiff filed this action in Clark County District Court and Defendant removed the action here.

Plaintiff claims that ReconTrust is a subsidiary of Bank of America and, accordingly, is prohibited from acting as trustee by N.R.S. § 107.028.  Plaintiff also makes several common law claims including breach of contract, breach of an implied covenant of good faith and fair dealing, intentional and negligent misrepresentation and negligence.

II. Discussion

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks

omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

1. N.R.S. § 107.028

In 2011, the Nevada Legislature amended Chapter 107 of the Nevada Revised Statutes to include a new section providing:

> The trustee does not have a fiduciary obligation to the grantor or any other person having an interest in the property which is subject to the deed of trust. The trustee shall act impartially and in good faith with respect to the deed of trust and shall act in accordance with the laws of this State. A rebuttable presumption that a trustee has acted impartially and in good faith exists if the trustee acts in compliance with the provisions of NRS 107.080.

Nev.Rev.Stat. § 107.028(5). This amendment was effective October 1, 2011. (A.B. 284 §§ 6, 15, amended by A .B. 273 §§ 5.8, 5.95, 2011 Leg., 76th Sess. (Nev.2011).)

In the Complaint, Plaintiff claims that ReconTrust cannot properly act as trustee because it has an improper fiduciary obligation to Bank of America. Specifically, Plaintiff asserts that Defendants violated this statute because the trustee ReconTrust is a subsidiary of Bank of America.[1]

This section is plainly designed to codify the long recognized legal principle that the trustee does not become subject to a fiduciary obligation because of the deed of trust. See Villagrana v. Recontrust Co., N.A., 2012 WL 1890236, 3 (D. Nev. May 22, 2012) (noting Nevada Legislature's ratification of this principle by enacting N.R.S. § 107.028). Plaintiff cites no case law or legislative history suggesting that N.R.S. § 107.028 was enacted to prohibit a trustee from having a fiduciary relationship with someone who has an interest in the property. Additionally, judicially noticeable documents show that Bank of America has no interest in the property because it is only the servicer of the loan, not the lender. Bank of America is not the "grantor or any other person having an interest in the property which is subject to the deed of trust" and nothing prohibits ReconTrust from acting as trustee. Accordingly, Plaintiff fails to state a claim for violations of N.R.S. § 107.028.

---

[1] For reasons that are unclear to the Court, the Complaint states that Defendants' actions damaged "Plaintiff and Class Members."

3

Because this claim cannot be cured by amendment, leave to amend Plaintiff's N.R.S. § 107.028 claim is denied.  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir.1992).

      2.  Common Law Claims

In the opposition, Plaintiff's counsel concedes that "certain factual allegations concerning its (sic) breach of contract, negligence, breach of covenant of good faith and fair dealing, and misrepresentation claims are lacking." Since Plaintiff has failed to provide any opposition to the Motion to Dismiss the common law claims, dismissal is granted.  See Local Rule 7-2.

Plaintiff's counsel also requests leave to amend the Complaint to add the facts that were "lacking" from the original Complaint. Both state procedural rules and Federal Rule of Civ. P. 11(b) impose a duty on Plaintiff's counsel to make a reasonable inquiry into the underlying facts of the claims asserted in a complaint before signing it and submitting it to the Court.  Plaintiff's counsel's admission that the Complaint lacks factual support for the majority of the claims suggests he did not perform the duties imposed on him as officer of this Court.

The Court has doubts that the deficiencies in the Complaint can be cured by amendment. However, since leave to amend is to be freely given, Plaintiff may amend the common law claims in his Complaint within 14 days of the date of this order.  Plaintiff's counsel is warned that he is required to comply in every respect with the Federal Rules of Civil Procedure, including Rule 11(b)'s requirement that every pleading be based on knowledge, information, and belief, formed after reasonable inquiry.  Failure to comply with the rules and this Order will result in sanctions, including a requirement that Plaintiff's counsel pay attorney's fees incurred by Defendants in responding to any claims that lack factual support.

//
//
//
//
//

III. Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies in every respect with the Federal Rules within 14 days from the date of this order.

DATED this 5th day of September 2012.

_____
Kent J. Dawson
United States District Judge